UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION | CIVIL ACTION |
| VERSUS | NO. 24-850 |
| LAKEWOOD POINTE APTS LLC, *et al.* | SECTION M (5) |

# JUDGMENT

Considering the motion of plaintiff KeyBank National Association ("KeyBank") for default judgment against defendants, Lakewood Pointe Apts LLC ("Lakewood"), Fredrick Schulman ("Schulman"), and Moshe Silber ("Silber") (collectively, "Defendants"),[1] the evidence attached to the motion,[2] KeyBank's response to the Court's areas of concern,[3] the evidence attached to that response,[4] the record, and the applicable law, the Court finds that Defendants, who are not incompetent persons or members of the military serving abroad, have failed to timely answer KeyBank's complaint and that KeyBank is entitled to judgment in its favor. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that a default judgment be entered against Defendants as set forth herein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that judgment be rendered in favor KeyBank and against Lakewood in the amount of $24,711,436.37, consisting of principal of $22,170,700.00, plus pre-default accrued interest through February 8, 2024, of $348,431.35,

---

[1] R. Doc. 69.
[2] R. Docs. 69-2; 69-3; 69-4; 69-5; 69-6; 69-7; 69-8; 69-9; 69-10; 69-11; 69-12; 69-13; 69-14.
[3] R. Doc. 74 (citing R. Doc. 73). Because this filing satisfies that Court's areas of concern that were to be the subject of the hearing on KeyBank's motion for default judgment, the hearing scheduled for February 6, 2025, is CANCELLED.
[4] R. Docs. 74-1; 74-2; 74-3.

plus default interest at the Default Rate (as defined in the loan documents) per annum from February 9, 2024, to December 31, 2024, of $2,192,305.02; in addition, Lakewood is liable for interest continuing to accrue from January 1, 2025, until the judgment is paid in full at the interest rate per annum set forth in 28 U.S.C. §1961(a) for post-judgment interest.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that judgment be rendered in favor of KeyBank and against Lakewood for enforcement costs totaling $1,262,096.76, consisting of $229,461.50 in attorney's fees, $7,074.88 in costs, and $1,025,560.38 in insurance premiums paid by KeyBank to insure the mortgaged property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that judgment be rendered in favor of KeyBank and against Schulman and Silber, as guarantors, *in solido* with Lakewood, in the amount of $9,328,008.13, consisting of 25% of the principal balance of the loan totaling $5,542,675.00, plus pre-default accrued interest through February 8, 2024, of $348,431.35, plus default interest at the Default Rate (as defined in the loan documents) per annum from February 9, 2024, to December 31, 2024, of $2,192,305.02, plus enforcement costs totaling $1,262,096.76; in addition, Schulman and Silber are liable, *in solido* with Lakewood, for interest continuing to accrue from January 1, 2025, until the judgment is paid in full at the interest rate per annum set forth in 28 U.S.C. §1961(a) for post-judgment interest.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that KeyBank has a first priority, priming security interest in the movable property described in Exhibit B to the UCC-1 Financing Statement attached to the motion for default judgment as Exhibits 9 and 9-1, in the record at R. Doc. 69-10 and 69-11, respectively.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the mortgage attached to the motion for default judgment as Exhibit 7, in the record at R. Doc. 69-8 (the "Mortgage"), is valid and enforceable in favor of KeyBank in accordance with its terms and conditions.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that KeyBank has a first priority, priming mortgage on the mortgaged property described in the Mortgage with address 7001 Martin Drive, New Orleans, Louisiana 70126 and described below:

> All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of New Orleans, Parish of Orleans, State of Louisiana.
>
> That Certain Piece of ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Third Municipal District of the City of New Orleans, Parish of Orleans, State of Louisiana, in Section 20 of the LaKratt Tract (formerly New Orleans Lakeshore Land Co. Subdivision), designated as LOT 2A on a survey by the Office of Gandolfo, Kuhn & Associates, dated December 3, 1971, (H-70-2) and more particularly as follow in accordance with said survey:
>
> Begin at the intersection of the west line of St. Charles Canal and the new south line of Morrison Road; thence along the west line of St. Charles Canal S 21°28'50" E distance of 1381.15 feet to the north line of Interstate Highway I-10; thence along said north line, S 78°01'13" W a distance of 230.57 feet to a point of curvature; thence continuing along said north line in a southwesterly direction along a curve to the right having a radius of 3669.72 feet, a distance of 944.29 feet to the east line of Joffre Road; thence along said east line, N 03°15'48" E a distance of 59.86 feet to a point of curvature; thence along said east line in a northwesterly direction along a curve to the left having radius of 491.27 feet, a distance of 213.42 feet to a point of tangent; thence along said east line, N 21°37'36" W, a distance of 803.66 feet to the new south line of Morrison Road; thence along said south line, which is 20 feet south of and parallel to the former south line of Morrison Road, N 68°15'24" E, a distance of 1060.48 feet to the west line of St. Charles Canal the point of beginning.
>
> Said portion of ground consists of Portions of Groves 1, 3, 5, 7, 9, 11, 13, 15 & 17 of Section 20 of the former New Orleans Lakeshore Land Company Tract.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all rents as they become due and payable, including rents then due and unpaid, from the mortgaged property described in the Mortgage shall, at the direction of KeyBank, be paid directly to KeyBank by each tenant of the mortgaged property.

New Orleans, Louisiana, this 30th day of January, 2025.

                                              _____
                                              BARRY W. ASHE
                                              UNITED STATES DISTRICT JUDGE